IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CHARLIZE MARIE BAKER, | § | |
| | § | |
| Plaintiff, | § | |
| | § | Civil Action No. 3:15-CV-3679-D |
| VS. | § | |
| | § | |
| AETNA LIFE INSURANCE CO., et al., | § | |
| | § | |
| Defendants. | § | |

MEMORANDUM OPINION
AND ORDER

Plaintiff Charlize Marie Baker ("Baker")—who alleges that she "has a well-documented history of suffering from Gender Dysphoria," Compl. at 4, "formerly referred to as Gender Identity Disorder," *id*. at 4 n.2—brings this action against defendants Aetna Life Insurance Company ("Aetna") and L-3 Communications Integrated Systems, LP ("L-3"),[1] arising from the denial of coverage of the costs of her breast augmentation surgery solely on the basis of her male birth gender, and of her corresponding claim for short-term disability benefits on the basis that surgery to treat Gender Dysphoria does not qualify as an illness. Baker alleges that Aetna and L-3 discriminated against her on the basis of gender identity, in violation of § 1557 of the Patient Protection and Affordable Care Act ("ACA"), and on the basis of sex/gender, in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"),

[1]The complaint names "L-3 Communications Corporation" as a defendant. L-3 states in its motion to dismiss that "L-3 Communications Integrated Systems, LP" is the proper defendant, and it is this entity that has filed the motion to dismiss. According to L-3, "L-3 Communications Integrated Systems, LP" is a separate legal entity and a subsidiary of L-3 Communications Corporation.

42 U.S.C. § 2000e *et seq*., and that Aetna wrongfully denied her claim for benefits under an ERISA plan offered by L-3, in violation of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001-1461. Aetna moves under Fed. R. Civ. P. 12(b)(6) to dismiss Baker's ACA and Title VII claims and for partial dismissal of her ERISA claim to the extent it asserts a claim for discrimination. L-3 moves under Rule 12(b)(6) to dismiss Baker's discrimination claims under the ACA and Title VII.[2] For the reasons that follow, the court grants Aetna's motion to dismiss, and it grants in part and denies in part L-3's motion to dismiss.

I

Baker is an employee of L-3[3] and a participant in the company's ERISA-qualified health benefits plan ("Health Plan") and short-term disability benefits plan ("STD Plan").[4] Aetna is the third-party administrator of the Health Plan and the claim fiduciary and administrator of the STD Plan.

---

[2]Baker also moves for partial summary judgment against Aetna on her ERISA claim, and Aetna cross-moves for partial summary judgment on that claim. These motions are addressed separately in a procedural order filed contemporaneously with this memorandum opinion and order.

[3]According to L-3, Baker is employed by the Mission Integration Division of L-3 Communications Integrated Systems, LP, a subsidiary of L-3 Communications Corporation.

[4]In deciding defendants' Rule 12(b)(6) motions, the court construes the complaint in the light most favorable to Baker, accepts as true all well-pleaded factual allegations, and draws all reasonable inferences in her favor. *See, e.g., Lovick v. Ritemoney Ltd.*, 378 F.3d 433, 437 (5th Cir. 2004). "The court's review [of a Rule 12(b)(6) motion] is limited to the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint." *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010).

In 2011 Baker began the process of gender transition from male to female. She legally changed her name,[5] and she changed her gender designation from male to female on all government-issued documents. In 2015, after consulting a healthcare professional who determined that breast implants were medically necessary to treat her Gender Dysphoria, she scheduled breast implant surgery. Baker sought benefits under the STD Plan to cover her post-surgery recovery. Baker alleges that coverage under the Health Plan was denied because the plan does not cover breast implants for individuals with a male birth gender designation who are transitioning to the female gender, although the plan covers individuals with a female birth gender designation who are transitioning to the male gender and seeking a mastectomy. She asserts that benefits under the STD Plan were denied on the basis that surgery to treat Gender Dysphoria does not qualify as treatment of an illness.

Baker filed this lawsuit against Aetna and L-3, seeking to recover on three claims. In count one, she alleges that Aetna and L-3 discriminated against her based on her gender identity, in violation of § 1557 of the ACA, 42 U.S.C. § 18116. In count two, she asserts that Aetna wrongfully denied benefits to her under the STD Plan, in violation of ERISA. She also pleads in the alternative a claim for a good faith extension of existing law, alleging that the court should hold that Aetna's denial of benefits under the STD Plan was an act of discrimination based on gender identity, in violation of ERISA. And in count three, Baker avers that Aetna and L-3 discriminated against her based on her sex/gender, in violation of

[5]Baker's former name is "Daryl Thomas Baker." Compl. at 5.

Title VII.

Aetna and L-3 move under Rule 12(b)(6) to dismiss Baker's discrimination claims alleged in counts one and three, and Aetna moves to dismiss count two to the extent that count asserts a discrimination claim. Baker opposes both motions.

II

Under Rule 12(b)(6), the court evaluates the pleadings by "accept[ing] 'all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'" *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Martin K. Eby Constr. Co. v. Dall. Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)). To survive defendants' motion, Baker's pleadings must allege enough facts "to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556); see also *Twombly*, 550 U.S. at 555 ("Factual allegations must be enough to raise a right to relief above the speculative level[.]"). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'shown'—'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (alteration omitted) (quoting Rule 8(a)(2)). Furthermore, under Rule 8(a)(2), a pleading must contain "a short and plain

statement of the claim showing that the pleader is entitled to relief." Although "the pleading standard Rule 8 announces does not require 'detailed factual allegations,'" it demands more than "'labels and conclusions.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). And "'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555).

III

Aetna and L-3 both move to dismiss count one, in which Baker alleges that they discriminated against her on the basis of her gender identity, in violation of § 1557 of the ACA.

Baker alleges that Aetna, as agent of L-3, denied her healthcare benefits solely on the basis of her gender identity. She asserts that Aetna and L-3 violated § 1557 of the ACA, which is made applicable to federal contractors and subcontractors by Executive Order 13672. Section 1557 provides:

> Except as otherwise provided for in this title (or an amendment made by this title), an individual shall not, on the ground prohibited under title VI of the Civil Rights Act of 1964 (42 U.S.C. 2000d et seq.), title IX of the Education Amendments of 1972 (20 U.S.C. 1681 et seq.), the Age Discrimination Act of 1975 (42 U.S.C. 6101 et seq.), or section 504 of the Rehabilitation Act of 1973 (29 U.S.C. 794), be excluded from participation in, be denied the benefits of, or be subjected to discrimination under, any health program or activity, any part of which is receiving Federal financial assistance, including credits, subsidies, or contracts of insurance, or under any program or activity that is administered by an Executive Agency or any entity established under this title (or amendments). The enforcement mechanisms provided for and available under such title VI, title IX, section 504, or such Age Discrimination Act

shall apply for purposes of violations of this subsection.

42 U.S.C. § 18116(a).

Aetna and L-3 move to dismiss this claim on several grounds, but the court may assume *arguendo* that none has merit except one: that § 1557 does not confer a claim for gender identity discrimination.

Baker is unable to point to any controlling precedent that recognizes a cause of action under § 1557 for discrimination based on gender identity. Baker relies on a Notice of Proposed Rulemaking that would prohibit denial of health services on the basis of gender identity or gender assigned at birth. *See* P. 2/26/16 Resp. to Aetna Partial Mot. to Dis. 11 (citing *Nondiscrimination in Health Programs and Activities*, 80 Fed. Reg. 54,204 (Sept. 8, 2015) (to be codified at 45 C.F.R. pt. 92)). But the effective date of part 92 is either July 18, 2016 or January 1, 2017, depending on what the part requires. *See* 45 C.F.R. § 92.1 (2017). Part 92 therefore does not apply to Baker's claim.

Baker alleges in her complaint that Executive Order 13672 prohibits federal contractors and subcontractors from discriminating on the basis of gender identity, and she asserts that Aetna and L-3 are federal contractors. In her responses to defendants' motions, however, she attempts to refute defendants' contention that she is relying too heavily on the Executive Order by contending that "Section 1557's prohibition on gender identity discrimination is not reliant on EO 13672." P. 2/26/16 Resp. to Aetna Partial Mot. to Dis. 13. She maintains that when the ACA was enacted in 2010, gender stereotyping had long been held to be unlawful under Title VII (citing *Price Waterhouse v. Hopkins*, 490 U.S. 228

(1989)). And she posits that "[t]he 'effect' of E.O. 13672 seems to be little more than to clarify the issue left somewhat ambiguous in Section 1557 that discrimination against transgender persons under this law is prohibited." P. 2/26/16 Resp. to Aetna Partial Mot. to Dis. 14.

There are two fallacies with this position. First, the Fifth Circuit has not extended *Hopkins*' Title VII reasoning to apply to any statute referenced in § 1557. *See Texas v. United States*, ___ F.Supp.3d ___, 2016 WL 4426495, at *13-15 (N.D. Tex. Aug. 21, 2016) (O'Connor, J.) (rejecting proposition that "Title IX and Title VII should be construed broadly to protect any person, including transgendered persons, from discrimination" (internal quotations omitted)), *appeal docketed*, No. 16-11534 (5th Cir. Oct. 21, 2016). Second, Baker is relying on an Executive Order to clarify what she characterizes as a "somewhat ambiguous" legislative act.

Baker's complaint does not allege a recognized cause of action for discrimination under § 1557 of the ACA, and she has therefore failed to state a claim on which relief can be granted. Accordingly, count one of Baker's complaint is dismissed with prejudice as to Aetna and L-3.

IV

Aetna moves to dismiss count two to the extent Baker alleges a claim for discrimination.

In count two, Baker alleges an alternative claim to her ERISA claim, seeking "a good faith extension of existing law and ask[ing] the Court to find that this denial was also an act

of discrimination based on her Gender Identity." Compl. 19. She asserts that she is protected from discrimination based on gender identity in the administration of healthcare benefits under § 1557 of the ACA, but does not enjoy similar protections under ERISA. Baker alleges that because "it is virtually impossible for an ERISA plan offered by an employer or administered by a health insurance company that is a governmental contractor to exist that is not also subject to ACA Section 1557," Compl. 19, she pleads "for a good faith extension of existing law that the discrimination by Defendants based on her Gender Identity is also discrimination in violation of ERISA in this context and that ERISA must be read to include the prohibition of discrimination based on Gender Identity," *id.*

The court dismisses Baker's alternative claim for two reasons. First, as Baker acknowledges, this claim is not currently recognized. It is for the Congress, not this court, to decide whether to create in ERISA a protection that the statute does not already provide. Second, Baker appears to predicate this claim on protections that she maintains are found in § 1557 of the ACA. The court has concluded above that § 1557 does not provide a cause of action for discrimination based on gender identity. Therefore, Baker cannot rely on § 1557 to support conferring such a right of action under ERISA.

Accordingly, the court dismisses count two against Aetna to the extent Baker relies on an alternative claim for discrimination.

V

Aetna and L-3 move to dismiss count three, in which Baker alleges that Aetna and L-3 discriminated against her on the basis of her sex/gender, in violation of Title VII.

A

Aetna maintains, *inter alia*, that it was not Baker's employer and cannot be held liable under Title VII.

In several places in her complaint, Baker alleges that Aetna was L-3's "agent." *E.g.*, Compl. 2. She asserts that "Aetna is . . . liable to [her] as her 'employer' (an agent of the employer) with respect to this cause of action pursuant to EEOC Compliance Manual, Section 2, Section III.B.2[.]" *Id.* In her response to Aetna's motion to dismiss, Baker contends that Aetna's position is misplaced in light of cases that hold that an agent of the plaintiff's employer can be held liable under Title VII.[6]

In the Fifth Circuit, to recover under Title VII, a plaintiff must have an employment relationship with the defendant. *See Broussard v. L.H. Bossier, Inc.*, 789 F.2d 1158, 1159 (5th Cir. 1986) (holding that employer-employee relationship is required in Title VII case). Employer status under Title VII can be established under the "single employer" test, *see Trevino v. Celanese Corp.*, 701 F.2d 397, 404 (5th Cir. 1983), or the "hybrid economic realities/common law control" test, *see Deal v. State Farm County Mutual Insurance Co. of*

[6]One of the cases that Baker cites is *Spirit v. TIAA/CREF*, 691 F.2d 1054 (2d Cir. 1982). But the Fifth Circuit has declined to follow the test used in *Spirit*. *See Mares v. Marsh*, 777 F.2d 1066, 1067 n.2 (5th Cir. 1985).

*Texas*, 5 F.3d 117, 118-19 (5th Cir. 1993). Baker's complaint does not attempt to allege that Aetna was her employer under either test. She relies instead on the premise that Aetna was L-3's "agent." Baker cites in her complaint and in her response brief the Equal Employment Opportunity Commission ("EEOC") Compliance Manual. But the EEOC Compliance Manual does not have the force of law. *See AT&T Co. v. EEOC*, 270 F.3d 973, 975-76 (D.C. Cir. 2001) ("The Commission has not inflicted any injury . . . merely by expressing its view of the law—a view that has force only to the extent the agency can persuade a court to the same conclusion. . . . [T]he EEOC Compliance Manual does not affect the regulated community."). And this circuit recognizes an agency theory of employer liability only if the alleged agent had authority "with respect to employment practices." *Deal*, 5 F.3d at 119. In this case, the agency authority that Baker alleges Aetna had—to approve or deny benefit claims—does not satisfy either the single employer test or the hybrid economic realities/common law control test.

Baker has not stated a claim upon which relief can be granted against Aetna, because she has not plausibly pleaded that Aetna was her employer. Accordingly, the court dismisses count three with prejudice as to Aetna.

B

L-3 contends that Baker's Title VII claim should be dismissed because she does not allege that she suffered an adverse employment action based on her gender.[7] The court

---

[7]In its reply brief, L-3 asserts that Baker cannot show that the L-3 plans are discriminatory on their face. L-3 appears to raise this argument in reply to Baker's

disagrees.

An adverse employment action consists of "ultimate employment decisions such as hiring, firing, demoting, promoting, granting leave, and *compensating*." *Thompson v. City of Waco, Tex.*, 764 F.3d 500, 503 (5th Cir. 2014) (emphasis added) (internal quotation marks omitted). Baker plausibly alleges that she was denied employment benefits based on her sex. She asserts that L-3 "engaged in intentional gender discrimination in the terms and conditions of [her] employment by denying her a medically necessary procedure based solely on her gender," Compl. 20; that L-3's "conduct constitutes a deliberate and intentional violation of Title VII," *id.*; and that L-3's "intentional and deliberate discriminatory conduct, in violation of Title VII, has caused [her] to suffer the loss of pay, *benefits*, and prestige," *id.* at 21 (emphasis added). The complaint contains specific factual allegations that make these allegations plausible.

Accordingly, the court denies L-3's motion to dismiss count three.

* * *

For the reasons stated, the court grants Aetna's partial motion to dismiss, and it grants in part and denies in part L-3's motion to dismiss. Baker's ERISA claim (other than her

---

contention in her response that the L-3 policy is facially discriminatory. But to the extent L-3 relies on this argument as a basis to dismiss count three—in addition to its contention that Baker failed to allege that an adverse employment action occurred—the court declines to consider it because it was raised for the first time in L-3's reply brief. *See, e.g.*, *Jacobs v. Tapscott*, 2006 WL 2728827, at *7 (N.D. Tex. Sept. 25, 2006) (Fitzwater, J.) ("[T]he court will not consider an argument raised for the first time in a reply brief." (citing *Senior Unsecured Creditors' Comm. of First RepublicBank Corp. v. FDIC*, 749 F. Supp. 758, 772 (N.D. Tex. 1990) (Fitzwater, J.))), *aff'd*, 277 Fed. Appx. 483 (5th Cir. 2008).

alternative discrimination claim) remains against Aetna, and her Title VII claim remains against L-3.

**SO ORDERED**.

January 13, 2017.

SIDNEY A. FITZWATER
UNITED STATES DISTRICT JUDGE